CLERK'S OFFICE
A TRUE COPY
Jul 11, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

UP TO $48,800.00 IN FUNDS ON DEPOSIT IN REGIONS BANK ACCOUNT ENDING IN 6091, HELD IN THE NAME OF TECH USA, LLC

Case Number: 24 MJ 153

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Brian Ball, being duly sworn depose and say:

I am a Task Force Officer with the United States Secret Service and have reason to believe that in the Northern District of Alabama there is now certain property, namely, up to $48,800.00 in funds on deposit in Regions Bank account ending in 6091, held in the name of Tech USA, LLC, that is civilly forfeitable under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and criminally forfeitable under 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c), as property that consists of, or is traceable to, proceeds of wire fraud committed in violation of 18 U.S.C. § 1343, and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b)(2) and for purposes of criminal forfeiture under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

The application is based on these facts:

✓ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days:_____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Signature of Affiant
Brian Ball, USSS

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email.

07/11/2024 at 10:00 a.m.
Date and time issued

at Milwaukee, Wisconsin
City and State

William E. Duffin, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANTS

I, Brian Ball, have been duly sworn on oath, state as follows:

## Affiant's Background

1. I am a Detective with the Village of Germantown Police Department and have been employed with that department since 2008. I am currently assigned to the United States Secret Service Milwaukee Resident Office, Cyber Fraud Task Force (formerly known as the Milwaukee Financial Crimes Task Force). I was federally deputized on May 5, 2021. My duties as a Detective and Task Force Agent with the Secret Service include investigating financial crimes, such as identity fraud, check fraud, credit card fraud, bank fraud, wire fraud, currency-counterfeiting offenses, and money laundering. During my employment with the Germantown Police Department and the Cyber Fraud Task Force, I have conducted investigations that have resulted in seizures of criminally derived property, including monetary instruments.

2. As a Detective and Task Force Agent, I have conducted investigations into wire fraud, money laundering, and other complex financial crimes. During those investigations, I have used various investigative techniques, including reviewing physical and electronic evidence, obtaining, and reviewing financial records, and working with cooperating sources of information. In the course of those investigations, I have also become familiar with techniques that criminals use to conceal the nature, source, location, ownership, and control of proceeds of crime and to avoid detection by law enforcement of their underlying acts and money laundering activities.

3. Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrants, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrants.

4. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have obtained from the victim in the course of investigating this incident.

## Property Sought to be Seized

5. I submit this affidavit in support of an application for warrants to seize up to $334,680.00 on deposit in Regions Bank account ending in **4402** (**Regions 4402**), held in the name of Sky USA, LLC, and up to $48,800.00 on deposit in Regions Bank account ending in **6091 (Regions 6091**), held in the name of Tech USA, LLC.

6. For the reasons set forth below, I submit that up to $334,680.00 in funds on deposit in **Regions 4402** and up to $48,800.00 in funds on deposit in **Regions 6091** are:

   a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses committed in violation of 18 U.S.C. § 1343;

   b. Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

   c. Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

2

d. Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

### Summary of Scheme to Defraud

7. Affiant submits that there exists probable cause to believe that up to $383,480.00 in proceeds of a fraud scheme – which involved material misrepresentations and the use of cashier's checks and electronic wires in connection with a "Federal Agent" scam – have been wired or deposited into two **Regions Bank accounts**, **4402** and **6091**, the accounts from which up to that amount of funds are sought to be seized.

8. As a part of the fraud aspect of this scheme, an unknown suspect or suspects contacted the victim starting in July 2023. The suspect identified himself as Joseph Martinez, a federal agent with the Federal Trade Commission, and reported that the victim's Social Security number was compromised. This individual further told the victim that to protect her money she needed to send it to holding accounts.

9. Over the course of 9 months, the victim, identified as S.T, sent multiple cashier's checks to persons and businesses used to facilitate the fraud scheme. The businesses were identified as, Sky USA, LLC and Tech USA, LLC. Both businesses were located at 1819 Heather Glen Ct., Lake St. Louis, Missouri. Christine Lewis was identified as the facilitator for the continuation of this fraud scheme.

10. S.T. stated that during this fraud scheme she was defrauded out of as much as $868,255.00 in various fraud related activity.

## Probable Cause

### Common Attributes of Fraud Schemes

11. According to the Federal Bureau of Investigation, Business Email Compromise and similar fraud, such as Federal Agent Impersonation, are some of the most financially damaging online crimes.

12. Perpetrators send an email to or communicate directly with an unsuspecting person impersonating law enforcement. The fake government agent provides a ruse, oftentimes reporting the victim had their social security number and/or identity stolen. Those impersonators request money be sent to pre-planned recipients, by various monetary instruments, under the false pretense of "protecting the money."

13. Typically, the perpetrator uses language that is intended to frighten or intimidate the unsuspecting victim. The result is typically a loss of funds by the victim.

### Statement of Victim S.T Regarding the Agent Impersonation Fraud

14. On April 22, 2024, Germantown Police Officer Justin Clemens met with a female victim identified as S.T. regarding a fraud complaint.

15. S.T. represented herself as the victim in the matter. She resides in the Village of Germantown, Washington County, which is located within the Eastern District of Wisconsin.

16. S.T. explained that in August of 2023, a male identifying himself as Joseph Martinez called her and claimed to be a law enforcement agent from the Federal Trade Commission. He reported that her social security number was compromised, and they intended to assign her a new social security number. Martinez requested payments.

17. S.T. explained that a man identifying himself as Sanjay Bhatt, who claimed to be an attorney working with Mr. Martinez, also communicated instructions related to the matter.

18. S.T. explained that she was further instructed by Mr. Bhatt and Mr. Martinez to send money to various locations, with the intent to protect it from fraud related to her compromised social security number.

19. S.T. reported that she sent gift card codes to various persons in early August of 2023.

20. S.T. reported she began sending cashier's checks in August of 2023. Those proceeds came from of her personal financial accounts, and the monies were sent to various persons and two companies, Sky USA, LLC, and Tech USA, LLC.

21. S.T. explained that she mailed most of the cashier's checks to Sky USA, LLC, and Tech USA, LLC., in the care of a woman known to her as Christine Lewis, 1819 Heather Glen Ct., Lake Saint Louis, MO.

22. S.T. reported that she continued sending her (S.T.'s) money via cashier's checks to Sky USA, LLC, and Tech USA, LLC, until April 15, 2024. S.T. sent the last cashier's check to Tech USA, LLC on April 15, 2024.

23. S.T. provided handwritten notes and copies of some cashier's checks to Germantown Officer Justin Clemens. Within her notes she had the account number XXXXX9519 (Chase 9519) written as being associated with Tech USA, LLC. This account number, 9519, was also on the back of a remitted check to Tech USA, LLC.

5

### Affiant's Initial Follow Up

24. Your affiant conducted a check of records related to Sky USA, LLC, Tech USA, LLC, and Christine Lewis. Records obtained from Chase Bank showed that Chase Bank account 9519 (Chase 9519) was associated with Christine Lewis and Tech USA, LLC. The listed address for both Tech USA and Christine Lewis was 1819 Heather Glen Ct., Lake Saint Louis, MO.

25. Chase Bank records also reflect that Tech USA, LLC and Christine Lewis are associated with Sky USA, LLC and Christine Lewis, using the Chase bank account number XXXXXX5455 (Chase 5455). The address for Sky USA, LLC, is also 1819 Heather Glen Ct., Lake Saint Louis, MO.

26. Chase Bank records related to Tech USA, LLC, Sky USA, LLC, and Christine Lewis further reflect that an account, ending in **4402**, located at Regions Bank (**Regions 4402**) in the name of Sky USA, LLC and Christine Lewis, was used to receive wire transfers from Chase 5455 and Chase 9519.

27. Your affiant learned from bank representatives that Chase 5545 and 9519 were closed due to suspicious activity and had no monetary balance remaining.

### S.T.'s transfers of money to Tech USA, LLC., Sky USA, LLC., and Christine Lewis

28. S.T. reported to your affiant that she mailed approximately 15 checks to Tech USA, LLC and Sky USA, LLC.

29. On or about April 15, 2024, S.T. mailed a $48,800.00 cashier's check to Tech USA, LLC, 1819 Heather Glenn Ct., Lake Saint Louis, MO. This was the final payment S.T. made before it was reported to police.

6

30. Pursuant to a grand jury subpoena, your affiant received bank records from Regions Bank.

31. Regions Bank records for **Regions 4402** show the customer of record is Sky USA, LLC, 1819 Heath Glen Ct., Lake Saint Louis, MO. Christine Lewis is the only signatory on this account. It was opened May 17, 2023.

32. Regions Bank records for **Regions 6091** showed the customer of records is Tech USA, LLC, 1819 Heath Glen Ct., Lake Saint Louis, MO. Christine Lewis is the only signatory on this account. It was opened March 18, 2024.

33. **Regions 6091** has one deposit from a check remitted by S.T., dated April 26, 2024 in the amount of $48,800. Christine Lewis endorsed this check for deposit for Tech USA.

34. **Regions 4402** showed 9 checks remitted by S.T. The following is a list of checks remitted by S.T. that were deposited into **Regions 4402**:

   a. October 16, 2023: $46,400

   b. November 16, 2023: $26,180

   c. November 16, 2023: $27,200

   d. November 29, 2023: $23,600

   e. February 26, 2024: $41,200

   f. February 28, 2024: $39,500

   g. March 18, 2024: $36,750

   h. March 18, 2024: $44,450

   i. April 15, 2024: $49,400

7

35. The total amount of checks remitted by S.T. deposited into **Regions 6091** was $48,800.00, and the total amount of checks remitted by S.T. deposited into **Regions 4402** was $334,680.00. The total amount that was remitted by S.T. and deposited into the Regions Bank accounts was $383,480.00.

36. As of May 31, 2024, **Regions 6091** has a current balance of $48,896.85.

37. As of May 31, 2024, **Regions 4402** has a current balance of $56,618.37.

38. On May 17, 2024, your affiant communicated with a Regions Bank Fraud employee, at which time **Regions 4402** and **6091** were placed in a "no post" status, which prohibits any banking activity.

39. A complete review of records for **Regions 6091** and **Regions 4402** showed that almost all of the activity in the accounts was related to deposits from checks or money wires, followed by outgoing wire money transfers. Most of the outgoing wire transfers were to an account in the country of India. The only recurring purchase item was for Legal Zoom. A review of both accounts reflect no legitimate business purpose.

### Contact with Christine Lewis

40. Your affiant used the open-source search website known as "idIcore" to find information related to Christine Lewis, Sky USA, LLC, and Tech USA, LLC. The information reflected that the two LLCs and Lewis were associated with Lewis' home address, thereby confirming previously known information.

41. On May 14, 2024, your affiant had phone contact with an adult female who identified herself as Christine Lewis.

8

42. Ms. Lewis stated she learned that she was used to facilitate fraud. Ms. Lewis reported being the victim of a "Romance Fraud" and was later contacted by an apparent associate of the man that victimized her.

43. Ms. Lewis reported that she provided a man, who called himself Ben William, with her personally identifying information and remote access to her computer. Ms. Lewis agreed to assist Mr. William with the receipt and deposit of checks to the Regions accounts. Ms. Lewis also agreed to assist with wiring the money after it was deposited.

44. Ms. Lewis said she received a lot of checks in the mail and would deposit them into the business accounts at Regions Bank, followed by instructions to wire money to other locations.

45. Ms. Lewis said she recalled receiving packages with checks from S.T.

46. Ms. Lewis was aware that her personal information was being used to create the businesses known as Sky USA, LLC and Tech USA, LLC. She said she received business-related information from Legal Zoom and Mr. William.

47. Ms. Lewis said she was aware that this was going on for about one year and is unaware of how much money was moved through the accounts.

48. Ms. Lewis reported that Homeland Security Investigations Special Agent, Marijo Gronewold visited her home and questioned her regarding the fraud scheme.

49. Your affiant spoke to Agent Gronewold, who confirmed that she visited Ms. Lewis after receiving a request from a work associate to confront Ms. Lewis regarding fraud.

50. Agent Gronewold reported similar facts that your affiant received from Ms. Lewis.

51. I therefore submit that there exists probable cause to believe that a total of $383,480.00 was deposited into **Regions Bank accounts 6091** and **4402**. An unknown subject caused S.T. to transfer this money via cashier's checks, under false pretense with the intent to deprive her permanently of her assets. These funds represent proceeds of a Federal Agent impersonation fraud scheme and are subject to seizure and forfeiture under both the civil and criminal asset forfeiture statutes.

## Applicable Asset Forfeiture Statute

52. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

53. Section 984(a) provides in part:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution
> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

10

54. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

55. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

56. I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after restraining order or similar process has been issued to financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, a seizure warrant would be the most effective way to assure the availability of the money sought to be seized for forfeiture.

## Conclusion

57. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that up to $334,680.00 in funds on deposit in **Regions 4402**, held in the name of Sky USA, LLC, and up to $48,800.00 in funds on deposit in **Regions 6091** held in the name of Tech USA, LLC., are:

    a. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

b. Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

c. Subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

d. Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b)(2) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

58. Regions Bank Corporate Center is located at 1900 5th Avenue North, Birmingham, AL, which is in the United States District Court, Northern District of Alabama.